UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. ROCAFORT,

       Petitioner,

                              CASE NO. 1:06-CV-476

v.

                              HON. ROBERT J. JONKER

CINDI S. CURTIN,

       Respondent.

_____/

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 32) and Petitioner Rocafort's Objections to Report and Recommendation (docket # 33). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, is factually sound and legally correct.

Petitioner's objections in essence re-argue his habeas petition and do not address the basis of the Report and Recommendation. The Report and Recommendation thoroughly considers the claims Petitioner raised in his habeas petition, which were that (1) the trial court improperly admitted testimony and evidence of DNA found under the deceased's fingernail; (2) the trial court improperly admitted statements that the deceased made to others; and (3) there was insufficient evidence to support Petitioner's conviction. (*See* Report and Recommendation, docket # 32, at 4 - 18.) For precisely the reasons stated in the Report and Recommendation, Petitioner's habeas claims cannot succeed. (*See id.*) Petitioner's evidentiary objections are matters of state law, and Petitioner has not established that the admission of the DNA evidence or of the deceased's statements to others denied him a fundamentally fair trial. *See Clemmons v. Sowders*, 34 F.3d 352, 357-58 (6th Cir. 1994); *see Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994). Nor has Petitioner shown a due process violation under the Fourteenth Amendment based on insufficient evidence to support his conviction. A rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Report and Recommendation correctly

concludes that dismissal of Petitioner's habeas claims is appropriate, and Petitioner's objections do not change the analysis.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Rocafort has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 32) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated:   September 10, 2009          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE